UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARREN X. TAYLOR,** *et al.*,

        **Plaintiffs,**

    **v.**

                                **Civil Action 2:23-cv-2956**
                                **Judge Michael H. Watson**
**ANNETTE CHAMBERS-SMITH,**          **Magistrate Judge Chelsey M. Vascura**
***Director, Ohio Department of***
***Rehabilitation and Correction***,

        **Defendant.**


<u>**ORDER and REPORT AND RECOMMENDATION**</u>

      Plaintiffs, Darren Taylor, Thomas Yanasak, and Rahsaan Reed, state inmates who are proceeding without the assistance of counsel, bring this action under 42 U.S.C. § 1983 against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), alleging that ODRC's decision to transition from JPay tablets to ViaPath tablets deprives them of property without due process of law. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiffs' Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiffs' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915A for failure to state a claim on which relief may be granted. As a result, the undersigned

also **RECOMMENDS** that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction be **DENIED**.

## I.    BACKGROUND

Plaintiffs allege that, beginning in 2013, ODRC permitted inmates to purchase "JPay" tablets, at a cost of $79–$150, for use as an electronic media player. (Compl. ¶¶ 10, 24, ECF No. 1-1.) Inmates could use the JPay tablets to access electronic mail, videos, and photos sent by family friends, as well as music, games, and books purchased by the inmates. (*Id.* at ¶ 10.) In 2022, ODRC chose to cease usage of JPay tablets and transition instead to "Global Tel Link" or "GTL" tablets and media services. (*Id.*) GTL subsequently rebranded as ViaPath Technologies. (Sept. 1, 2022 Letter to JPay Customers, ECF No. 1-4, PAGEID #27.) Inmates were informed that "[a]ll content (EXCEPT for games) will transfer from JPay to ViaPath; this includes purchased music, photos, e-messages, kites, grievances, and videograms." *Id.* The only content that would not be transferred from the JPay tablets to the new ViaPath tablets was inmates' gaming subscriptions. *Id.* Inmates were offered the choice of either turning in their JPay tablets to ODRC staff, or mailing (at ODRC's expense) their JPay tablets to an address of the inmate's choice. (JPay Tablet Phase-Out Bulletin, ECF No. 1-4, PAGEID #30.) Both options were accompanied by a free one-year ViaPath gaming subscription and a $5–10 ViaPath media credit. (*Id.*) Inmates were also informed that JPay tablets would constitute contraband beginning October 1, 2023. (*Id.*)

Plaintiffs allege that the ViaPath tablets are not acceptable substitutes for the JPay tablets. (Compl. ¶ 19, ECF No. 1-1.) Unlike the JPay tablets, ViaPath tablets are not owned by the inmates; they are merely loaned, meaning that ViaPath can deny inmates access to the ViaPath tablets and their content at any time. (*Id.*) In other words, "Plaintiffs could possibly be made to lose all electronically sent content and purchases upon the cancellation of any or all parts of the

existing contract between GTL and ODRC, just as what occurred with the JPay cancellation, leaving Plaintiffs with no recourse for reimbursement or replacement of content." (*Id.* at ¶ 22.) Plaintiffs also complain that the ViaPath tablets are prone to connectivity problems and physical damage. (*Id.*)

Plaintiffs filed their Complaint on September 13, 2023, contending that removal of their JPay tablets would constitute deprivation of their personal property without due process of law. Plaintiffs seek a temporary restraining order and injunctive relief preventing the removal of their JPay tablets, as well as declaratory relief and compensatory damages. Plaintiffs also seek to represent a class of similarly situated inmates subject to ODRC's JPay tablet policies. (Compl. 2, 7–8, ECF No. 1-1.)

## II. STANDARD OF REVIEW

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain

3

sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.    ANALYSIS

#### A.    Plaintiffs' Complaint should be dismissed.

Plaintiffs have failed to state a claim upon which relief can be granted. As an initial matter, the facts alleged in the Complaint demonstrate that Plaintiffs' claims were not ripe at the time they commenced this action. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up). Plaintiffs had not yet been deprived of their JPay tablets on September 13, 2023, when they filed their Complaint. Although a bulletin was issued indicating that JPay tablets would be confiscated beginning October 1, 2023, the allegations currently before the Court do not establish that Plaintiffs have, in fact, been deprived of their JPay tablets. Moreover, the information provided to inmates indicated that all content (with the exception of games) would be transferred from the JPay tablets to the ViaPath tablets, such that the only content Plaintiffs were ever in danger of losing is their gaming subscriptions. Moreover,

4

any worry that ViaPath may arbitrarily deprive inmates of their content in the future is merely speculative and cannot provide the basis for a property deprivation claim. *See Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Comm'rs*, 53 F.4th 1014, 1020 (6th Cir. 2022) ("Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review.") (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997)).

Moreover, even if Plaintiffs' property deprivation claims were ripe, they must still be dismissed because Plaintiffs have not sufficiently alleged the inadequacy of the remedies available under Ohio law. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). In *Parratt*, the United States Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of a prisoner's property. 451 U.S. at 539–44. The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. *Cf. Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the United States Court of Appeals for the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). Where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff

had "not pled or shown that [the state] judicial remedies are inadequate . . . ."); *Ruiz v. Fisher*, No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

In this case, Plaintiffs have failed to sufficiently plead that the post-deprivation tort remedies available to them under Ohio law are inadequate to adjudicate their property-loss claims as required under *Parratt* and *Vicory*. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Because Plaintiffs' Complaint provides insufficient factual content or context from which the Court could reasonably infer that Ohio's post-deprivation tort remedies are inadequate to adjudicate their property-loss claims, it is **RECOMMENDED** that the Court **DISMISS** Plaintiffs' claims pursuant to 28 U.S.C. § 1915A(b).

**B.     Pending Motions**

Plaintiffs have moved for a temporary restraining order and preliminary injunction preventing ODRC from depriving Plaintiffs of their JPay tablets. (ECF No. 2.) When deciding whether to issue a preliminary injunction or temporary restraining order, the Sixth Circuit has instructed trial courts to consider the following factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000) (citing cases). Applied here, Plaintiffs cannot demonstrate a strong likelihood of success on the merits because, as explained above, their Complaint fails to state a claim on which relief can be granted. Moreover, Plaintiffs'

allegations do not demonstrate that they would suffer irreparable harm from deprivation of their JPay tablets. The Complaint and its attachments demonstrate that all content, with the exception of games, will be transferred from the JPay tablets to the ViaPath tablets, such that Plaintiffs will not lose access to any irreplaceable messages, photos, or videos from their family or friends. And although gaming content may be lost, such loss is not "irreparable" because it may be replaced with a similar gaming subscription (which is available to all inmates at no cost for the first year) or money damages. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("a plaintiff's harm is not irreparable if it is fully compensable by money damages."). Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) be **DENIED**.

Finally, Plaintiffs have moved for appointment of counsel. (ECF No. 3.) Even when parties proceed *in forma pauperis* (and Plaintiffs are not so proceeding), appointment of counsel is discretionary under 28 U.S.C. § 1915(e); appointment of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist and determines that the appointment of counsel is not warranted at this juncture. Accordingly, Plaintiffs' Motion for Appointment of Counsel (ECF No. 3) is **DENIED**.

## IV.     DISPOSITION

For the foregoing reasons, Plaintiffs' Motion to Appoint Counsel (ECF No. 3) is **DENIED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiffs' Complaint pursuant to § 1915A for failure to state a claim on which relief may be granted. It is further **RECOMMENDED** that the Court **DENY** Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE