**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Darren X. Taylor, *et al.*,

     **Plaintiffs,**

     **v.**

**Annette Chambers-Smith,**
***Director, Ohio Department of***
***Rehabilitation & Correction,***

     **Defendant.**

**Case No. 2:23-cv-2956**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

Magistrate Judge Vascura performed an initial screen of this *pro se*, prisoner civil rights case pursuant to 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R") recommending that the Court deny Darren X. Taylor, Thomas Yanasak, and Rahsaan Reed's ("Plaintiffs") motion for a temporary restraining order and dismiss Plaintiffs' Complaint. R&R, ECF No. 5. Plaintiffs have objected. Obj., ECF No. 13. For the following reasons, the objections are **OVERRULED**.

## I.    FACTS

Plaintiffs are incarcerated with the Ohio Department of Rehabilitation and Correction ("ODRC"). Broadly, Plaintiffs allege that, since 2013, ODRC permitted inmates to purchase and use JPay tablets, which stored music, games, books, videos, photographs, e-mail, and more. Compl. ¶10, ECF No. 1. Plaintiffs and other inmates have spent money to purchase both the JPay tablets and accessories therefor. *Id.* ¶¶ 10–11.

In 2022, however, ODRC decided to transition from JPay tablets to ViaPath/GTL tablets. *Id.* at ¶ 10. In September of 2022, ODRC notified inmates of the transition and that JPay tablets would be phased out of ODRC facilities and, at some point, considered contraband. *Id.* ¶¶ 12–13. Inmates were given options to voluntarily turn in their JPay tablets or mail them to someone outside of the institution at ODRC's expense. *Id.* ¶ 24. But, according to Plaintiffs, these incentives were inadequate and decreased the longer the inmate retained the tablet. *Id.*

On these facts, Plaintiffs allege that confiscation of the JPay tablets amounts to a violation of the Plaintiffs' Equal Protection rights and procedural due process rights under the Fourteenth Amendment, and they sue Annette Chambers-Smith, Director of ODRC for the same under 42 U.S.C. § 1983. *Id.* ¶ 1. Plaintiffs also bring a state-law claim for fraud. *Id.* Plaintiffs seek to pursue this case as a class action. *Id.* at page 2.

## II. REPORT AND RECOMMENDATION

The Magistrate Judge's R&R noted that Plaintiffs' claims were not ripe at the time the Complaint was filed because, at that time, Plaintiffs had not been deprived of their JPay tablets or any content stored thereon. R&R at 4–5, ECF No. 5.

The R&R next concluded that Plaintiffs' procedural due process claim should be dismissed because Plaintiffs failed to adequately allege that available post-deprivation, state-law remedies were inadequate. *Id.* at 5–6.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to.

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

## IV.    ANALYSIS

In their objections, Plaintiffs first argue that their claims are ripe because ODRC has now begun the process of confiscating JPay tablets from those inmates who have not yet exchanged them and has threatened to file misconduct reports against inmates who continue to retain their JPay tablets.  Obj. 4–5, ECF No. 13.  Moreover, Plaintiffs contend that their worry about losing content from the ViaPath/GTL tablet in the future is not speculative because the inmates do not own the new tablets (meaning the provider can prohibit access at any time), and not all content was transferred to the new tablets in any event.  *Id.* at 5.

As to the due process claim, Plaintiffs argue in their objections that "ODRC's policies doesn't allow for remedies under Ohio law."  *Id.*  Plaintiffs first appear to argue that ODRC's lack of pre-deprivation process amounts to inadequate remedies under Ohio law.  *See id.* at 6 ("Defendant merely announced their intent to remove Plaintiffs JPay tablet then begin [sic] their process to deprive Plaintiffs of this property, but did not allow for any fundamental due process to allow Plaintiffs an opportunity to be heard.").  Plaintiffs then state, however, that "the post-deprivation tort remedies available to them under Ohio law are inadequate to adjudicate their property loss claims[.]"  *Id.*  They argue that the Ohio Court of Claims cannot adjudicate their claims because it is limited to cases involving $10,000 or less, and this case will involve "hundreds of thousands in damages[.]"  *Id.* at 7.

Plaintiffs also contend that ODRC's actions amount to an unconstitutional taking under the Fifth and Fourteenth Amendments, although no such claim was made in the Complaint. *Id.* at 6.

Plaintiffs' objections lack merit.

First, even if their claims are now ripe such that Plaintiffs could file an Amended Complaint, their federal claims still fail. At bottom, Plaintiffs are incorrect about the availability of post-deprivation, state-law remedies. Ohio Revised Code Section 2743.02(E) does not limit cases filed in the Ohio Court of Claims to $10,000 or less. Rather, it states that the defendant in cases filed in the Ohio Court of Claims is the State of Ohio and that the State of Ohio cannot file third-party complaints or counterclaims in cases for $10,000 or less. *Id.* Subsection (H) specifically authorizes state inmates to initiate suits in the Ohio Court of Claims for deprivation of property. Ohio Rev. Code. § 2743.02(H).

Indeed, other courts have addressed due process claims relating to ODRC's switch from JPay to GTL/ViaPath tablets and dismissed the claims for failure to adequately allege that Ohio's post-deprivation tort remedies are insufficient to address inmates' property rights. *Bradbury v. Ohio Dep. of Rehab. and Corr.*, No. 2:23-cv-2355, 2023 WL 6997143, at *2 (S.D. Ohio Oct. 24, 2023) *R&R adopted by* 2023 WL 6997143 ("Bradbury does not allege that Ohio's post-deprivation tort remedies are inadequate to address his potential property loss, so dismissal of his claim is appropriate." (citation omitted)); *Dell v. Chambers-Smith*, No. 2:23-cv-3167, 2023 WL 8747358, at *4 (S.D. Ohio Dec. 19, 2023) ("Plaintiff has not alleged any facts even remotely indicating that

his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claims." (citations omitted)); *Bibbs v. JPay, LLC*, No. 2:23-cv-2792, 2023 WL 7627071, at *5 (S.D. Ohio Nov. 15, 2023) (same). Plaintiffs have therefore failed to adequately allege the insufficiency of post-deprivation, state-law remedies, and their procedural due process claim fails.

Further, although Plaintiffs raised no takings claim in their Complaint, both any takings claim and their previously raised Equal Protection claim fail for the reasons articulated in *Bibbs*, 2023 WL 7627071, at *4 ("Plaintiffs allege that the tablets were to be traded in or sent home due to a change in ODRC policy and service/media provider. Absent any allegation plausibly suggesting Plaintiffs' property was taken for a public use, Plaintiffs' Fifth Amendment takings claim should be dismissed." (citation omitted)) and *Dell*, 2023 WL 8747358, at *5 ("[T]he complaint and attachments indicate that the JPay tablet phase-out applied uniformly to all ODRC prisoners. For these reasons, plaintiff has failed to state a claim for a violation of his equal protection rights under the Fourteenth Amendment.").

And, because Plaintiffs have not stated a claim under federal law and there is no diversity of citizenship, the Court declines to exercise supplemental jurisdiction over any fraud claim. *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." (internal quotation marks and citations omitted)).

## V.    CONCLUSION

For the above reasons, Plaintiffs' objections are **OVERRULED**; the R&R is

**ADOPTED**; Plaintiffs' motion for a temporary restraining order is **DENIED**; and Plaintiff's

Complaint is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall terminate all pending motions and close this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**