**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DARREN X. TAYLOR, *et al.*,**

**Plaintiffs,**

**v.**

**Civil Action 2:23-cv-2956**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**ANNETTE CHAMBERS-SMITH,**
***Director, Ohio Department of Rehabilitation and Correction*,**

**Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff, Darren Taylor,[1] a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that ODRC's decision to transition from JPay tablets to ViaPath tablets deprives them of property without due process of law. (Compl., ECF No. 1.) This matter is before the Court, following Plaintiff's appeal of this Court's dismissal of Plaintiff's Complaint to the United States Court of Appeals for the Sixth Circuit, for the screen of Plaintiff's procedural due process claim under 28 U.S.C. § 1915A. *See Taylor v. Chambers-Smith*, No. 24-3085, Order (6th Cir. Dec. 5, 2024). Having performed the screen, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915A for failure to state a claim on which relief may be granted.

---

[1] This case was commenced by Taylor and two other inmates. After this Court dismissed the Complaint, only Taylor appealed the dismissal to the Sixth Circuit. Accordingly, only Taylor's claims are before this Court following remand.

## I. BACKGROUND

Plaintiff alleges that, beginning in 2013, ODRC permitted inmates to buy "JPay" tablets, at prices ranging from $79–$150, for use as an electronic media player. (Compl. ¶¶ 10, 24, ECF No. 1.) Inmates could use the JPay tablets to access electronic mail, videos, and photos sent by family friends, as well as music, games, and books purchased by the inmates. (*Id.* at ¶ 10.) In 2022, ODRC chose to cease usage of JPay tablets and transition instead to "Global Tel Link" or "GTL" tablets and media services. (*Id.*) GTL subsequently rebranded as ViaPath Technologies. (Sept. 1, 2022 Letter to JPay Customers, ECF No. 1-4, PAGEID #27.) Inmates were informed that "[a]ll content (EXCEPT for games) will transfer from JPay to ViaPath; this includes purchased music, photos, e-messages, kites, grievances, and videograms." *Id.* The only content that would not be transferred from the JPay tablets to the new ViaPath tablets was inmates' gaming subscriptions. *Id.* Inmates were offered the choice of either turning in their JPay tablets to ODRC staff, or mailing (at ODRC's expense) their JPay tablets to an address of the inmate's choice. (JPay Tablet Phase-Out Bulletin, ECF No. 1-4, PAGEID #30.) Both options came with a free one-year ViaPath gaming subscription and a $5–10 ViaPath media credit. (*Id.*) Inmates were also informed that JPay tablets would constitute contraband beginning October 1, 2023. (*Id.*)

Plaintiff alleges that the ViaPath tablets are not acceptable substitutes for the JPay tablets. (Compl. ¶ 19, ECF No. 1.) Unlike the JPay tablets, ViaPath tablets are not owned by the inmates; they are merely loaned, meaning that ViaPath can deny inmates access to the ViaPath tablets and their content at any time. (*Id.*) In other words, "Plaintiffs could possibly be made to lose all electronically sent content and purchases upon the cancellation of any or all parts of the existing contract between GTL and ODRC, just as what occurred with the JPay cancellation, leaving Plaintiffs with no recourse for reimbursement or replacement of content." (*Id.* at ¶ 22.) Plaintiff

also complains that the ViaPath tablets are prone to connectivity problems and physical damage. (*Id.*)

Plaintiff filed his Complaint on September 13, 2023, contending that removal of his JPay tablet would constitute deprivation of his personal property without due process of law. The undersigned performed an initial screen of Plaintiff's Complaint and recommended, among other things, that Plaintiff's procedural due process claim be dismissed for failure to allege the inadequacy of state-law remedies for property deprivation under *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). (ECF No. 5.) That recommendation was adopted by the District Judge on January 2, 2024. (ECF No. 14.) Plaintiff appealed that ruling to the United States Court of Appeals for the Sixth Circuit, which held that *Parratt* did not apply to Plaintiff's procedural due process claim. *See Taylor v. Chambers-Smith*, No. 24-3085, Order (6th Cir. Dec. 5, 2024). The Sixth Circuit remanded the case to this Court "to analyze the procedural due process claim in the first instance." (*Id.* at 3.)

## II. STANDARD OF REVIEW

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action"

is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

Plaintiff challenges the constitutionality of ODRC's decision to prohibit inmates from possessing JPay tablets. As the Sixth Circuit observed, Plaintiff does not allege the "random, unauthorized act of a state employee," which was the subject of *Parratt*, but rather "a deprivation resulting from an established state procedure." *Taylor v. Chambers-Smith*, No. 24-3085, Order (6th Cir. Dec. 5, 2024) (quoting *Mitchell v. Fankhauser*, 375 F.3d 477, 482 (6th Cir. 2004)). Accordingly, Plaintiff need not allege the inadequacy of state-law property deprivation remedies. Instead, the Court must analyze Plaintiff's procedural due process claim under the general procedural due process framework.

"The Fourteenth Amendment prohibits states from depriving individuals of life, liberty, or property without due process of law." *Johnson v. Morales*, 946 F.3d 911, 921 (6th Cir. 2020) (citing U.S. Const. amend. XIV, § 1). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). Thus, procedural due process analysis involves two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson,* 490 U.S. 454, 460 (1989) (citations omitted). "In other words, the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 364 F. App'x 221, 224 (6th Cir. 2010) (citing *Wilkinson*, 545 U.S. at 224).

Because inmates have a property interest in their personal property, Plaintiff has sufficiently alleged a property interest in his JPay tablet. *See Smith v. Michigan Dep't of Corrrections*, No. 1:24-CV-179, 2024 WL 4297481, at *6 (W.D. Mich. Sept. 26, 2024); *Schwab v. Devarmer*, No. 1:20-CV-485, 2020 WL 3542148, at *5 (W.D. Mich. June 30, 2020). Plaintiff has not, however, sufficiently alleged that he was deprived of that property for purposes of a procedural due process claim. The JPay Tablet Phase-Out Bulletin makes clear that inmates were permitted to mail their tablets, at ODRC's expense, to an address of the inmate's choosing. (ECF No. 1-4, PAGEID #30.) Courts have found no interference with a constitutionally protected property interest in these circumstances. *See*, *e.g.*, *Blanton v. Caruso*, No. 1:10-CV-1187, 2011 WL 202094, at *3 (W.D. Mich. Jan. 19, 2011) (no property deprivation when an inmate was permitted to send personal property to an address of his choosing); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (same); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991)

(same). Courts have also held that the prisoners do not have a property interest under the Fourteenth Amendment in keeping particular personal property in their cells. *See*, *e.g.*, *Blair v. Kentucky State Penitentiary*, No. 5:21-CV-P75-TBR, 2022 WL 660792, at *4 (W.D. Ky. Mar. 4, 2022); *Hailey v. Cieply*, No. 1:20-cv-1248, 2021 WL 2946492, at *6, 2021 U.S. Dist. LEXIS 130869 at *17 (W.D. Mich. July 14, 2021); *Hatten*, 275 F.3d at 1210 ("there is a difference between the right to own property and the right to possess property while in prison").

Here, Plaintiff does not dispute that he was provided the opportunity to mail his JPay tablet to an address of his choosing at ODRC's expense. Although the Complaint makes a general reference to "those with no place to forward their tablets" (Compl. ¶ 13), Plaintiff does not allege that he is among that group. Plaintiff has therefore failed to allege that Defendant deprived him of property. As a result, his procedural due process claim must be dismissed.

## IV. DISPOSITION

For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's procedural due process claim under § 1915A for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE