## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Darren X. Taylor,

      Plaintiff,

      v.

Annette Chambers-Smith,
*Director, Ohio Department
of Rehabilitation & Correction*,

      Defendant.

Case No. 2:23-cv-2956

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

This prisoner civil rights case, in which Darren X. Taylor ("Plaintiff")[1] proceeds without the assistance of counsel, is on remand from the United States Court of Appeals for the Sixth Circuit. *See Taylor v. Chambers-Smith*, No. 24-3085, 2024 WL 5038491, at *2 (6th Cir. Dec. 4, 2024) (affirming in part and vacating in part this Court's prior Opinion and Order). Plaintiff's remaining federal claims are brought under 42 U.S.C. § 1983 and assert violations of Plaintiff's Fourteenth Amendment procedural- and substantive-due-process rights. Plaintiff also asks the Court to exercise supplemental jurisdiction over a state-law fraud claim. *Id.* at *2 (affirming dismissal of any Equal Protection and takings claims).

---

[1] Although Plaintiff purports to submit *pro se* objections on behalf of prior plaintiffs Thomas Yanasak and Rahsaan Reed, he cannot do so. *E.g.*, Fed. R. Civ. P. 11(a) ("Every . . . other paper must be signed by . . . a party personally if the party is unrepresented."). Moreover, Mr. Yanasak and Mr. Reed did not appeal the dismissal of their claims; they are thus no longer involved in the case.

On remand, the Magistrate Judge performed an initial screen of the procedural-due-process claim pursuant to 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R"), again recommending dismissal. R&R, ECF No. 24. Plaintiff objected, ECF No. 32, and Defendants Annette Chambers-Smith ("Chambers-Smith") and the Ohio Department of Rehabilitation and Correction ("ODRC") responded, ECF No. 33. For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.

## I.    FACTS

The Court previously summarized the alleged facts as follows:

> Plaintiffs are incarcerated with the Ohio Department of Rehabilitation and Correction ("ODRC"). Broadly, Plaintiffs allege that, since 2013, ODRC permitted inmates to purchase and use JPay tablets, which stored music, games, books, videos, photographs, e-mail, and more. Compl. ¶10, ECF No. 1. Plaintiffs and other inmates have spent money to purchase both the JPay tablets and accessories therefor. *Id.* ¶¶ 10–11.
>
> In 2022, however, ODRC decided to transition from JPay tablets to ViaPath/GTL tablets. *Id.* at ¶ 10. In September of 2022, ODRC notified inmates of the transition and that JPay tablets would be phased out of ODRC facilities and, at some point, considered contraband. *Id.* ¶¶ 12–13. Inmates were given options to voluntarily turn in their JPay tablets or mail them to someone outside of the institution at ODRC's expense. *Id.* ¶ 24. But, according to Plaintiffs, these incentives were inadequate and decreased the longer the inmate retained the tablet. *Id.*

*Taylor v. Chambers-Smith*, No. 2:23-CV-2956, 2024 WL 20739, at *1 (S.D. Ohio Jan. 2, 2024), *aff'd in part, vacated in part, remanded*, 2024 WL 5038491 (6th Cir. Dec. 4, 2024).

Plaintiff seeks damages[2] as well as declaratory and injunctive relief.

Compl., ECF No. 1.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## III. ANALYSIS

On the procedural-due-process claim, the R&R concluded that Plaintiff had a protected property interest in his JPay tablet ("tablet") but that he lacked a protected property interest in possessing said tablet within the confines of his prison cell. R&R 5–6, ECF No. 24. It also concluded that, because ODRC permitted Plaintiff to mail the tablet to an address outside the institution, it did not deprive Plaintiff of the tablet. *Id.*

The first half of Plaintiff's objections restate the facts of the case and provide a standard of review. Obj. 1–4, ECF No. 32. He then argues that he has a protected property interest in his tablet. *Id.* at 5. He also contends that inmates had a protected right to grieve the loss of their tablets, that he was

---

[2] Plaintiff sues Chambers-Smith in her individual and official capacities. Compl. ¶ 6, ECF No. 1. Because the Complaint does not state a claim, the Court need not determine which relief is available from which Defendant (and in which capacity).

denied that right, and that he therefore does not have an adequate post-deprivation remedy. *Id.* Plaintiff then distinguishes the caselaw cited in the R&R from the facts of his case. *Id.* at 6. That he could mail his tablet to an address of his choosing does not mean, Plaintiff argues (without citation), that losing the tablet was not a deprivation. *Id.* Finally, he reiterates his argument that the ViaPath tablets are an insufficient substitute. *Id.* Plaintiff closes by noting that he brings a *substantive*-due-process claim. *Id.* at 7; *see also* Compl. ¶ 1, ECF No. 1.

## A.    Procedural Due Process

As a threshold matter, the adequacy of Ohio's post-deprivation remedies is not at issue in this case, which alleges deprivation pursuant to an authorized policy. *Taylor*, 2024 WL 5038491, at *2. Therefore, Plaintiff's objection that he could not use the inmate grievance process and therefore lacked an adequate post-deprivation state remedy is irrelevant. Instead, the Court simply considers whether Plaintiff's Complaint states a claim for a procedural-due-process violation.

"[P]risoners retain rights under the Due Process Clause . . . , but these rights are subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Bethel v. Jenkins*, 988 F.3d 931, 942 (6th Cir. 2021) (internal quotation marks and citation omitted). "A procedural due process claim consists of two elements: (i) deprivation by state action of a

protected interest in life, liberty, or property, and (ii) inadequate state process."

*Reed v. Goertz*, 598 U.S. 230, 236 (2023) (citation omitted).

With respect to the first element, "[i]n order to have a protected property interest, an individual must have a legitimate claim of entitlement to the property interest . . . . established by an independent source such as state law." *Bethel*, 988 F.3d at 942 (internal quotation marks and citations omitted).

Here, because the Complaint alleges[3] that ODRC has historically permitted incarcerated individuals to own and possess JPay tablets, *e.g.*, Compl. ¶¶ 10–11, ECF No. 1; *id.* at ECF No. 1-4 at PAGEID ## 25–27, 29, it plausibly alleges that ODRC policy created "a legitimate claim of entitlement" to the tablet. The Court therefore assumes that Plaintiff has alleged (at least before October 1, 2023)[4] a protected property interest in the tablet. *E.g.*, *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("While an inmate's ownership of property is a protected

---

[3] The Complaint was filed on September 13, 2023, before JPay tablets were scheduled to become categorized as "contraband." It is now August 2025, and it is unclear what happened, if anything, to Plaintiff's JPay tablet. No party has suggested the case has become moot, and the objections indicate ODRC confiscated Plaintiff's tablet, Obj. 4–5, ECF No. 32, so the Court considers the allegations of the Complaint.

[4] Assuming the Complaint's allegations as true, Plaintiff's JPay tablet became contraband on October 1, 2023. Compl. ¶ 24, ECF No. 1; *id.* at 1-4, PAGEID ## 30–31. Some courts have held that "[a]n inmate does not have a protected property interest in possessing contraband." *Williams v. Ries*, No. 06-CV-11312, 2008 WL 4403823, at *1 (E.D. Mich. Sept. 26, 2008); *Torres v. Florida Dep't of Corrs.*, 742 F. App'x 403, 410 (11th Cir. 2018) ("Nor does Plaintiff have a protected property interest in materials properly deemed contraband." (citation omitted)); *cf. Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) ("Mr. Steffey had no property right protected by the Fourteenth Amendment to receive a contraband money order while in prison."). Because the Complaint fails to allege deprivation, the Court need not consider whether it alleges that Plaintiff had a property interest in the tablet after it became contraband.

property interest that may not be infringed without due process, . . . ."); *Smith v. Mich. Dept. of Corr.*, No. 1:24-cv-179, 2024 WL 4297481, at *6 (W.D. Mich. Sept. 26, 2024) ("Plaintiff had a property interest in the personal property that was in his cell at LRF."); *Schwab v. Devarmer*, No. 1:20-cv-485, 2020 WL 3542148, at *5 (W.D. Mich. June 30, 2020) ("Plaintiff certainly has a protectible property interest in his personal property . . . ."); *cf. Parratt v. Taylor*, 451 U.S. 527, 536 (1981) ("[T]he hobby kit falls within the definition of property[.]").  But the R&R also concluded that Plaintiff had a protected property interest in his tablet, so any objection on this issue is unfounded.

Although Plaintiff has alleged a protected property interest in his ownership of the tablet, he has not adequately alleged that he had a protected property interest in possessing that tablet in prison.  *E.g., Hatten*, 275 F.3d at 1210 ("[T]here is a difference between the right to own property and the right to possess property while in prison." (citations omitted)); *Friend v. Chapleau*, No. 95-5628, 1995 WL 607835, at *2 (6th Cir. Oct. 13, 1995) (finding destruction of legal materials without prior hearing did not amount to due-process violation because "Friend was given every opportunity to dispose of his excess property, but Friend chose not to and the property was discarded. . . . Friend simply did not have a constitutional right to maintain an unlimited [sic] of legal materials in his cell."); *Blair v. Ky. State Penitentiary*, No. 5:21-CV-P75-TBR, 2022 WL 660792, at *4 (W.D. Ky. Mar. 4, 2022) ("[C]ourts have held that the prisoners do not have a property interest under the Fourteenth Amendment in keeping unspecified

personal property in their cells." (citation modified)); *Hailey v. Cieply*, No. 1:20-cv-1248, 2021 WL 2946492, at *6 (W.D. Mich. July 14, 2021) ("Because Plaintiff has no property interest in keeping his unspecified personal property in his cell, Defendants have not deprived him of his personal property without due process."); *cf. Blanton v. Caruso*, No. 1:10-cv-1187, 2011 WL 202094, at *37 (W.D. Mich. Jan. 19, 2011) ("[B]ecause Plaintiff had no constitutionally protected right to possess musical equipment in prison, he was not entitled to a procedural hearing under the Due Process Clause.").

Plaintiff's attempt to distinguish *Blanton*, *Hatten*, and *Meese*,[5] Obj. 6, ECF No. 32, is not persuasive. *Blanton* is analogous to this case. There, the prisoner possessed musical equipment, "which he acquired under a prior prison policy[.]" *Blanton*, 2011 WL 202094, at *1. Nonetheless, the court held that the prisoner lacked a protected interest in keeping the musical equipment in his cell, notwithstanding that prison policy previously permitted it. *Id.* at *2.

Plaintiff's attempt to distinguish *Hatten* fairs no better. Although it is an out-of-circuit case and involves different facts, the Court finds it persuasive and analogous in all material aspects. *Hatten*, too, involved an incarcerated

---

[5] This Court cites *Williams v. Meese* only for the proposition that an incarcerated individual is not deprived of his property when he maintains control over it, even if he loses the right to physically possess it in prison, which is addressed below. Even so, Plaintiff incorrectly objects that the plaintiff in *Meese* received a pre-deprivation hearing. Obj. 6, ECF No. 32. He did not; the plaintiff utilized the administrative grievance procedure post-deprivation. *Williams v. Meese*, No. 86-3224, 1990 WL 47996, at *3 (D. Kan. Mar. 26, 1990) ("Plaintiff asserts that . . . prison officials erred in not providing him with a predeprivation or postdeprivation hearing regarding the taking of these belongings.").

individual who possessed property in prison, a policy change that prohibited continued possession of the property in prison, and a subsequent legal conclusion that there is no protected interest in possessing one's property while in prison. 275 F.3d at 1210.

This principle in *Blanton* and *Hatton*—that incarcerated individuals have a protected right in owning property but no protected right in possessing the property in prison—applies equally here, where Plaintiff contends not that ODRC is depriving him of his tablet completely but only that ODRC is depriving him of the "right" to possess his tablet while in prison. Plaintiff's objection to the R&R's reliance on those two cases is therefore overruled.

Viewing Plaintiff's protected property interest in that frame, the Court agrees with the R&R's conclusion that Plaintiff fails to allege he was deprived of his property. The Complaint specifically alleges ODRC gave inmates, including Plaintiff, the option to mail their JPay tablets to an address outside the institution at ODRC's expense or turn in the JPay tablet to a designated staff member. *See* Compl. ¶ 24, ECF No. 1; *id.* at ECF No. 1-4, PAGEID ## 30–31. As a matter of law, this choice does not amount to deprivation. *Hunt v. State of Mich.*, 92 F. App'x 300, 301 (6th Cir. 2004) (concluding inmate failed to allege he was deprived of a chess set where he was "given the choice of either sending the chess set to an address outside of the prison or having MDOC officials consider it abandoned property subject to disposal." (citing *Hatten*, 275 F.3d at 1210)); *cf. Hatten*, 275 F.3d at 1210 ("Hatten was allowed to send the property he could not

possess in prison to a place of his choosing, and therefore was not deprived of the property." (citation modified)); *Faust v. Parke*, No. 96-3881, 1997 WL 284598, at *1 (7th Cir. May 22, 1997) (concluding that a policy that might require the prisoner to send home inoperable word processing equipment "does not result in a deprivation of property" because the inmate "still retains control over it." (citations omitted)); *Williams v. Meese*, 926 F.2d 1994 (10th Cir. 1991) ("The court correctly dismissed plaintiff's claims for deprivation of property without due process since the . . . complaint showed that the ring and postage stamps seized by prison officials were sent to an address of plaintiff's choosing. Although plaintiff no longer has possession of the property, he still retains control over it and, therefore, has not been 'deprived' of the property."); *Clark v. Skipper*, No. 1:20-cv-29, 2020 WL 772570, at *4 (W.D. Mich. Feb. 18, 2020) ("The fact that Plaintiff maintains ownership of the property even though he cannot keep it in his cell or in the facility means he has not been deprived of the property." (citing *Hunt*, 92 F. App'x at 301)); *Blanton*, 2011 WL 202094, at *3 (W.D. Mich. Jan. 19, 2011) ("Plaintiff does not claim that his musical equipment was stolen or destroyed or that he was otherwise deprived of ownership of the property. Instead, his property was merely removed from his prison cell and he was permitted to make arrangements for sending it elsewhere. . . . His claim, therefore, is limited to the contention that he had a right to keep his musical equipment in his cell because prior policy had allowed him to possess such property.").

Case No. 2:23-cv-2956                                             Page 9 of 13

Plaintiff's one-sentence, unsupported assertion that "allowing Plaintiffs and ODRC inmate population an opportunity to mail the JPay tablet to an address of their choosing" does not equate "to a lack of deprivation or loss" is not persuasive in the face of the caselaw cited above. Because Plaintiff failed to allege he was deprived of his property, he fails to state a procedural-due-process claim, and the Court need not consider the adequacy of the process he received.[6] *Kerry v. Din*, 576 U.S. 86, 90 (2015) (plurality opinion) ("[I]t remains the case that *no* process is due if one is not deprived of life, liberty, or property." (internal quotation marks and citation omitted) (emphasis in original)).

---

[6] The Complaint alleges that ODRC issued a series of pre-deprivation memoranda, beginning on February 8, 2022, notifying inmates of the transition from JPay to ViaPath. Compl. ¶¶ 12–13, ECF No. 1; *id.* at ECF No. 1–4, PAGEID # 25. In September 2022, ODRC notified inmates that JPay tablets would not remain in the facilities after the transition. *Id.* at PAGEID # 27. On July 10, 2023, ODRC informed inmates that JPay tablets would be considered contraband after September 31, 2023. Compl. ¶¶ 8, 24, ECF No. 1; *see also id.* at ECF No. 1-4, PAGEID ## 30–31. Before that date, ODRC advised inmates of their options to dispose of their tablets. Compl. ¶ 24, ECF No. 1; *id.* at ECF No. 1-4, PAGEID ## 30–31. The Complaint thus may allege sufficient process was provided. *Griffin v. Hickenlooper*, 549 F. App'x 823, 828 (10th Cir. 2013) ("We have previously held that due process is satisfied when a prison provides a meaningful opportunity for the inmate to send unauthorized property to someone outside the prison as an alternative to having it destroyed. Here, the DOC regulations provided Mr. Griffin with notice of the seizure and an opportunity to direct the disposition of his property as an alternative to destruction." (citation modified)); *cf. Bethel*, 988 F.3d at 943 (finding inmate received sufficient process where a prison confiscated books mailed in violation of its policy, gave the inmate written notice of the withholding and reason for the same, permitted the inmate to grieve the withholding pursuant to the prison's grievance process, and permitted the inmate to pay to return the books to the third party who ordered them or choose destruction of the books).

## B.    Substantive Due Process

Although the Court previously construed Plaintiff's Complaint as raising a procedural-due-process claim, the Complaint twice mentions the phrase "substantive due process."  Compl. ¶ 1, ECF No. 1; *id.* at "Class Action Request"; Obj. 7, ECF No. 32 ("Plaintiffs have set before this court a substantive due process claim . . . .").  It also describes ODRC's policy of transitioning from JPay to ViaPath as "arbitrary."  Compl. ¶¶ 10, 21, ECF No. 1; Obj. 7, ECF No. 32. Moreover, the Complaint seeks an injunction prohibiting *any* change in policy on the ability to possess JPay tablets or any confiscation of the same, regardless of process provided.  Compl. at "Relief Requested," ECF No. 1.  So, the Court liberally construes Plaintiff's Complaint as alternatively alleging that deprivation of his JPay tablet violated Plaintiff's substantive-due-process rights, but any such claim fails for the same reasons as the procedural-due-process claim.

"The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed has come to be known as substantive due process."  *Grinter v. Knight*, 532 F.3d 567, 573 (6th Cir. 2008) (internal quotation marks and citation omitted).  Substantive due process protects only "against government interference with certain fundamental rights and liberty interests," however.  *Does v. Munoz*, 507 F.3d 961, 964 (6th Cir. 2007) (internal quotation marks and citation omitted).  "[T]he list of fundamental rights is short," and plaintiffs who try to identify a new fundamental right face an "uphill battle."  *Id.* (internal quotation marks and citations omitted).

"To qualify, such rights must be deeply rooted in this Nation's history and tradition, or implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Id.* (citation modified).

Although Plaintiff has a state-created right to his tablet for purposes of his procedural-due-process claim, the Court concludes that he did not allege a fundamental right for purposes of a substantive-due-process claim. "Prisoners do not have a fundamental right to personal property under the Constitution." *Johnson v. Miron*, No. 2:11-cv-6, 2011 WL 489778, at *4 (W.D. Mich. Feb. 7, 2011) (dismissing Equal Protection claim); *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) ("Most, if not all, state-created contract rights, while assuredly protected by procedural due process, are not protected by substantive due process."). Further, because Plaintiff lacks *any* protected interest in possessing property within his cell, he certainly has no fundamental right to keep the tablet in his cell. *See supra p.6–8; cf.* His substantive-due-process claim thus fails for lack of a fundamental property right. *Cf. Bartko v. Goetz*, No. 24-1084, 2025 WL 2175970, at *6 (6th Cir. June 24, 2025) ("Protected property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .").

Separately, Plaintiff fails to allege any deprivation for the same reasons stated above. *See supra p. 8–10.*

These two failures doom Plaintiff's substantive-due-process claim, and the Court therefore need not analyze the prison policy under *Turner v. Safley*, 482 U.S. 89 (1987).

**C.     State-Law Claims**

There is no diversity of citizenship in this case.  *See generally* Compl., ECF No. 1.  Because the Court has dismissed all federal claims, it declines to exercise supplemental jurisdiction over Plaintiff's state-law fraud claim.  *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." (internal quotation marks and citations omitted)).

## IV.     CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.  Plaintiff's due process claims cannot be cured with further amendment.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's procedural-due-process and substantive-due-process claims.  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's state-law fraud claim.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT